IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| plaintiff | ) | |
| v. | ) | CASE No.: 2:17CR00014 |
| | ) | |
| SALAH MOHAMED | ) | |
| | ) | |
| defendant | ) | |

MOTION FOR DISCOVERY

Defendant, Salah Mohamed, by counsel, moves the Court pursuant to the Rule 16 of the Federal Rules of Criminal Procedure, the Constitution of the United States, Brady v. Maryland, 377 US 83 (1963), United States v. Agurs, 427 US 97 (1976), and other pertinent authorities, for an order permitting discovery and inspection for obtaining exculpatory evidence in the above-styled case. The government is requested to provide the following information:

1. Any and all exculpatory information or materials.
2. Any physical evidence, information, statements or notes which are evidence or may lead to evidence that the accused may have a defense to the crime alleged, or may have committed an offense lesser than that with which he is charged, or that someone else may have committed the alleged crime.
3. A complete inspection with the option to copy the government's entire file in this case.
4. Written and/or recorded statements, admissions or confessions made by the defendant.
5. Any relevant statements made by the defendant to any law enforcement officer of the government, or its agents, or any copies of the same.

6. The substance of any oral declaration of the defendant of which a written or other tangible recording has been made or which were made by the defendant whether before or after arrest, in response to interrogatories by any person then known to the defendant to be a law enforcement officer, or his agent, or a prosecuting authority, or its agent.

7. All relevant statements, admissions, confessions or declarations made by the defendant, whether written, signed or unsigned, oral or electronically recorded or obtained by eavesdropping.

8. When and where and in whose presence any statements, admissions, confessions or declarations of the defendant were made.

9. If the defendant made any statements, admissions or confessions, who advised the defendant of his constitutional rights at any time, and if so, where, when and how he was so advised, and attach a copy of a waiver signed by the defendant with respect to his Miranda rights.

10. Copies of the defendant's prior criminal records, if any, that are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the prosecuting authority.

11. The date, nature and place of any criminal wrongs or acts of misconduct other than those charged in the present indictment which the government will attempt to prove at trial against the defendant pursuant to Rule 404(b) pf the Federal Rules of Evidence.

12. Copies of all records of physical or mental examinations of the defendant which are within the possession, control or custody of the government, or its agencies, the existence of which is known, or by the exercise of due diligence may become known, to the government's attorney, and which are attainable with the permission of the defendant.

13. The names and addresses of all other persons arrested for the same alleged offenses(s) or incident(s) giving rise to this indictment and a report on the status of their cases.
14. The names, ages and addresses of all witnesses to be called by the government.
15. The names or name of any person other than informants, who were not informants with knowledge that they were acting as such at the time of the alleged offenses, who participated directly or indirectly in the alleged criminal acts which are the subject of the pending proceeding or were present at the time of the commission of the acts.
16. The name or names and addresses of any other informants involved.
17. The criminal, youthful offender and juvenile records of any informant, including matters pending.
18. The dates, times and places and the kinds and amount involved of any financial or other compensation paid or made to any informant.
19. The number of, dates of, and statute involved of any convictions which were initiated by information supplied by any informant.
20. The name or names and addresses of those persons who witnessed the alleged crime, if said information is known to any agent of the government.
21. The name or names of any persons who provided the police with information leading to the arrest in the above matter.
22. The names and addresses of any persons interviewed regarding this case by the government, or its agents or employees, whom the government does not intend to call as a witness.
23. The list of names and addresses of anyone who might give favorable testimony on behalf of the defendant if those persons are known to any agent of the government.
24. A list of the names of the arresting police officers.

25. A list of the names of those officers involved in the investigation of the case.

26. All police or law enforcement reports made in connection with the case.

27. Any statement, before a grand jury or otherwise, by any witness who is to be called to testify, said statement being within the possession, custody or control of the government, or any governmental agency.

28. All relevant oral statements made by the government's witnesses and which are known to any agent of the government.

29. The juvenile record, including any charges pending, of all witnesses to be called by the government, and any current juvenile probation or parole and any pending juvenile matter of a criminal nature of any government's witnesses.

30. All uncharged criminal misconduct of any government's witness, which is known to any agent of the government.

31. The criminal record, including any charges pending, of all witnesses to be called by the government.

32. All information relating to any understanding or agreement between any government's witness and the government, including the government's attorney, any prosecutor, state police or any police department, probation officers, prison officials, or any of their agents regarding prosecution of said witness for past, present or future criminal conduct and regarding sentencing or sentencing recommendations, or incarceration as to any such witness.

33. The nature of any other promise or consideration given by any agent of the government to any person in return for information, assistance or testimony of that person in connection with this case.

34. The nature of any threat of unfavorable treatment given by any agent of the government to any person in order to obtain information, assistance or testimony of that person in connection with this case.

35. Whether any government witness was taking and/or to any degree under the influence of alcohol and/or any drug at or near the time of the event to which that witness is to testify, and if so, the amount and type of the alcohol and/or drug.
36. Any mental, psychological or physical problem that any government witness has, including but not limited to alcoholism or mental illness or defect, and reports of same.
37. The identity and location of buildings, places or portions thereof, which are in the possession, custody or control of any governmental agency and which are material to the defense or which the prosecuting authority intends to introduce as evidence in chief at the trial.
38. Books, photographs, papers, documents or tangible objects obtained from or belonging to the defendant and/or obtained from others involved in the case by seizure or process.
39. All books, tangible objects, papers, photographs or documents which are within the possession, custody or control of any government agency and which are material to the preparation of the defendant's defense or are intended for use by the prosecuting authority as evidence at the trial.
40. Copies of results or reports of scientific tests, experiments or comparisons made in connection with the particular case which are known to the prosecuting authority and within the possession, custody or control of any governmental agency and which are material to the preparation of the defense or are intended for use by the prosecuting authority as evidence at the trial.
41. Copies of results or reports of scientific tests, experiments or comparisons made in connection with the particular case which are known to the prosecuting authority and within the possession, custody or control of any governmental

agency and which will not be used by the prosecuting authority as evidence at the trial.

42. Whether any wiretap and/or electronic surveillance was involved and if so, for the government to produce a copy of the application for the order or any extension; the order and any order for any extensions; the contents; the wire communication; any evidence derived from said wire communication; and the names of any officer(s) involved in the gathering of the wire communication; and a full description of and opportunity to inspect the device used to intercept and record the wire communication.

43. Copies of any search and arrest warrants issued, if any, and if so, copies of the affidavit or affidavits in support thereof, the application, and the return of the warrant.

44. The date, time and place of the initial arrest of the defendant, any co-defendant or co-conspirator.

45. Written summary of any testimony the government intends to use in its case in chief, including the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications, under Rules 702, 703, or 705 of the Federal Rules of Evidence.

Defense counsel also requests permission to make a copy of any materials provided to counsel for the defendant by the Government to be given to an appropriate person to be placed on file at the facility holding the defendant in a secure location, (i.e. warden's office or counselor's office), for the defendant's review. These materials will not be given directly to the defendant and will not be removed from the secure location by the defendant. The defendant will be advised that violation of this Order may result in the defendant being required to show cause why they should not be held in contempt of court.

WHEREFORE, the defendant respectfully moves that his motion for discovery be granted.

Salah Mohamed
By Counsel

s/Nancy C. Dickenson
Assistant Federal Public Defender
201 Abingdon Place
Abingdon, VA  24211
nancy_dickenson@fd.org
276-619-6080
VSB:  28120

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2017, I caused the foregoing Motion for Discovery to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to Zachary T. Lee, Assistant United States Attorney.

s/Nancy C. Dickenson